UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN EDISON,                                          Case No.

      Plaintiff,                                          Hon.

v.

NOTHVILLE TOWNSHIP, a municipal corporation,
POLICE OFFICER BEN SELLENRAAD, in his professional
and individual capacities, FADIE JAMIL KADAF, and
JEAHAD KADAF,

      Defendants.
_____/
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiff
6330 East Jefferson Avenue
Detroit, MI 48207
(248) 851-1222; Fax (248) 254-6534
thomas@randolphlawgroup.com
_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff Jonathan Edison, by and through the undersigned counsel Randolph Law Group, PC, sues Defendant BEN SELLENRAAD, in his official and individual capacity as Northville Township Police Officer, NORTHVILLE TOWNSHIP, FADIE JAMIL KADAF and JEAHAD KADAF, and alleges as follows:

**INTRODUCTION**

1. This is a free-speech case on behalf of Plaintiff Jonathan Edison who is a Black resident of Northville Township for 13 years, which based upon the 2020 United States Census, has a Black population of 1.5%. On or about October 21, 2022 Edison was charged with violation Michigan

1

Compiled Laws 750.390, Malicious Annoyance by Writing, for writing letters to his next-door neighbor, Defendant Fadie Jamil Kadaf, listed in police documents as White, that contain profanity and other non-obscene words.

2. Defendant Northville Township's prosecution of Edison was prompted, in part, by persistent complaints by Defendant Fadie Jamil Kadaf, who made various untrue statements in furtherance of a quest to target Mr. Edison.  Mr. Kadaf also initiated spurious complaints against Edison with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives and the Michigan Department of Natural Resources for completely legal behavior in a campaign of harassment and intimidation. Those bogus complaints were briefly investigated but abandoned when apparently found to be unmeritorious.

3. Before Edison was wrongfully prosecuted, Defendant Sellenraad informed Defendant Fadie Jamil Kadaf emphatically, more than a dozen times, that Edison, by writing letters to Kadaf about how cars are parked, had broken no laws and was within his rights to do so. Two of these exchanges between Kadaf and Sellenraad were captured on video and provided to Plaintiff.  In spite of Sellenraad's articulated knowledge that Edison had broken no laws, Sellenraad signed the Complaint initiating the Malicious Annoyance by Writing charge against Edison.

4. On May 23, 2023 Judge Gerou of Michigan's 35th District Court dismissed the charge against Edison, finding that Edison's language was not obscene.  Unfortunately for Mr. Edison, this dismissal came after the unconstitutional actions against caused significant and lasting damage.  Mr. Edison has pecuniary expenses and losses. Mr. Edison suffered embarrassment, humiliation, emotional distress and other harms and losses having been made a criminal defendant and faced with jail, including his reputation.  Mr. Edison is an author of children's

books and other publications with hundreds of thousands of books sold, a speaker to educators and administrators throughout the United States. A conviction of the crime for which he was charged would have destroyed his business, reputation, and income. The stress associated with the wrongful prosecution is tremendous and sustained.

## JURISDICTION AND VENUE

5. This civil-rights action raises federal questions under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff also brings state claims for violation of Article I, Section 5 of the Michigan Constitution and other state law claims.

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

7. This Court has authority to award the requested damages under 28 U.S.C. § 1343(a)(3), and costs and attorneys' fees under 42 U.S.C. § 1988.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events underlying the claims in this Complaint occurred within the Eastern District of Michigan and all Defendants reside in this District.

9. Plaintiff demand a jury trial on the claims raised in this Complaint.

## PARTIES

10. Plaintiff Jonathan Edison is a resident of Wayne County, Michigan

11. Defendant Fadie Jamil Kadaf is a resident of Wayne County, Michigan

12. Defendant Jeahad Kadaf, upon information and belief, is a resident of Dearborn, Michigan.

13. Upon information and belief, Defendant Ben Sellenraad is a resident of Wayne County, Michigan and employed as a police officer by the Northville Township Police Department in Michigan. At all times relevant hereto, Defendant Sellenraad acted under color of state law. He is sued in his official and individual capacities.

14. Northville Township is a municipality in Michigan.

## COMMON ALLEGATIONS

15. This case arises out of a neighborhood dispute in the Steeple Chase subdivision. Jonathan Edison's next-door neighbor, Kadie Jamil Kadaf, or a member or guest of his household, apparently parked a vehicle or vehicles on the street in front of Edison's home.

16. Edison wrote a note to Kadaf asking him to "please park your cars in front of your house".

17. Kadaf responded with his own note, indicating that he may park in front of Edison's home and to not ask for the cars to be moved.

18. Edison then typed a letter to Kadaf, this time more pointed and direct, about on-street parking in front of the Edison home and asking that he not park there and utilizing common profanity words for emphasis without making any threats to person or property.

19. On Friday, September 23, 2022, Kadaf took the typed letter into the Northville Township police department and spoke with Defendant Officer Ben Sellenraad, who was equipped with an activated operable body-worn camera.

20. During this encounter, Kadaf described his previous interactions with Edison as "fairly cordial…most of the time, never had any real issues."

21. Kadaf tells Defendant Sellenraad that he feels threatened, although the letter contains no threats.

22. Kadaf complains that Edison is a gun owner – although there is no reported verbal or written threats, brandishing or menacing conduct with a weapon.

23. Kadaf complains of a "racial undertone" in the letter although race is not mentioned, nor do the letters contain any racial slurs or epithets.

24. Sellenraad, after reading the first two letters, tells Kadaf: "There's no threats to harm your property. There's nothing that would escalate to a criminal nature. Expletives and those kind of things are not enforceable from a legal standpoint or anything else."

25. Sellenraad, again, goes to the text of the letters, and reiterates: "there's nothing in there that constitutes any threat. He's basically saying -- you can interpret that however you want, but there's nothing in there that actually says, you will be damaged or you will be harmed."

26. Sellenraad goes on to say "from a prosecutable standpoint, there's nothing."

27. Sellenraad does not indicate that he finds the letter obscene or containing words banned by the government, and then says "So as I say, from an authority standpoint, there's nothing from a police in the purest sense of the word, a police law enforcement standpoint that there is to do."

28. Edison later receives notification that a letter has been directed to him by Defendant Fadie Kadaf's brother, Defendant Jeahad Kadaf.

29. Edison responded by issuing a third letter to Kadaf, containing first-amendment protected profanity, asking to be left alone and to not be contacted again.

30. On October 12, 2022 Fadie Kadaf returns to the Northville Township police lobby and spoke to Sellenraad, recorded by a body-worn camera complaining of the third letter.

5

31. Kadaf threatens to handle the situation in his own way and to contact the Northville City Attorney and Wayne County Prosecutor for what he described as "threatening letters", although the letters contain no threats of physical harm or property damage.

32. Defendant Sellenraad explained the legal restraint on the government preventing it from targeting a person for expressing ideas.

33. Defendant Sellenraad tells Kadaf "We can't do anything that we don't have the authority to do."

34. Defendant Sellenraad tells Kadaf "I cannot charge someone for noncriminal behavior."

35. Defendant Sellenraad tells Kadaf "But if we're not talking about a situation where there's a violation of law. Then I can't charge someone.  I can't submit something that's not criminal in its nature to a prosecutor to review."

36. Defendant Sellenraad tells Kadaf "The cursing, he's allowed to use. "

37. Defendant Sellenraad tells Kadaf "Using certain terms or those kind of things in and of itself is not criminal."

38. Defendant Sellenraad tells Kadaf  "And a letter, cursing or otherwise, all caps or otherwise, there are things that we use to communicate tone and that kind of stuff, but does not make it criminal."

39. Defendant Sellenraad tells Kadaf "I have told you there is nothing that constitutes a criminal threat."

40. Defendant Sellenraad tells Kadaf "I… he has not broken the law. He's cursed and he's asked you to leave him alone."

6

41. In spite of these repeated and very strenuous admonitions by Northville Township Police Officer Sellenraad to a determined Kadaf, Sellenraad was enlisted to sign a criminal Complaint charging Edison with violation of a 1931 statute Michigan statute MCL 750.390.

42. At an evidentiary hearing on February 27, 2023 demanded by Edison, the prosecution agreed to reveal exactly what words allegedly written by Edison are obscene.  Northville Township municipal prosecutor Gregory Demopoulos identified the following words, and only the following words, as obscene pursuant to MCL 750.390:

    Fuck
    Fucking
    Motherfucker
    Pussy
    Douche
    Asshole

43. The prosecution also admitted that the portion of MCL 750.390 pertaining to "intent to extort or gain any money or property of any description belonging to another" is inapplicable to Mr. Edison.

44. Upon motion from Edison, the court determined that none of the letters from Edison to the Kadaf do not meet the definition of obscene language that is the contested element of the statute Defendant has been charged under.

### COUNT I - VIOLATION OF FIRST AMENDMENT, AS APPLIED TO THE STATES UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983
### (AGAINST DEFENDANTS NORTHVILLE TOWNSHIP AND BEN SELLENRAAD)

45. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

46. Defendants Northville Township and Sellenraad deprived Plaintiff of the rights secured to him by the United States Constitution.

47. In depriving Plaintiff of these rights, Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

## COUNT II - VIOLATION OF ARTICLE I, SECTION 5 OF THE MICHIGAN CONSTITUTION
## (AGAINST DEFENDANTS NORTHVILLE TOWNSHIP AND BEN SELLENRAAD)

48. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

49. Defendants deprived Plaintiff of the rights secured to him by the Michigan Constitution.

50. Defendants' above-described conduct violated Plaintiff's right to freedom of speech under Article I, Section 5 of the Michigan Constitution.

## COUNT III - MALICIOUS PROSECUTION (AGAINST BEN SELLENRAAD)

51. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

52. Defendant instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice.

53. On information and belief, Defendant instituted the investigation for personal reasons, which include, but are not limited to, the following: vexation; to cause damage to Plaintiff's professional reputation, and to cause damage to Plaintiff's community reputation.

54. MCL 600.2907 provides for civil liability for every person who, for vexation or trouble or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

55. The criminal proceedings initiated against Plaintiff arising from Defendant Northville Townships prosecution of Plaintiff was resolved in Plaintiff's favor.

56. As a direct result of Defendant's malice in making allegations that initiated the criminal investigation, Plaintiff has suffered damage, including, but not limited to, harm to his professional reputation and his reputation in the community, and mental anguish.

57. PLAINTIFF REQUESTS that this court enter judgment against Defendants for damages consistent with the injuries suffered, costs, and attorney fees as the court deems proper.

### COUNT IV - CIVIL CONSPIRACY
### (AGAINST FADIE JAMIL KADAF AND JEAHAD KADAF)

58. Plaintiff incorporates by reference previous paragraphs.

59. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of intimidating, silencing and inflicting emotional distress upon Edison.

60. Defendants, in combination, maliciously conspired to have unfounded criminal charges filed against Edison.

61. This conspiracy resulted in the illegal, unlawful, or tortious activity of having Plaintiff charged with a criminal offense, having unwarranted investigations by the Michigan Department of Natural Resources and the BATFE.

62. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff sustained damages.

### COUNT V - DEFAMATION (AGAINST FADIE JAMIL KADAF)

63. Plaintiff incorporates by reference previous paragraphs.

64. The accusations that Plaintiff threatened Fadie Jamil Kadaf are false.

9

65. The accusations that Plaintiff is mentally unstable are false.

66. The accusation that Edison is racist is untrue.

67. The accusation that the facts stated in Edison's letters to Kadaf are false is untrue.

68. Defendant published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

69. The publication was not privileged.

70. The publication of these remarks has resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to, the following: emotional distress; humiliation, mortification, and embarrassment; sleeplessness and anxiety, and; other damages that may arise during the course of discovery and the course of this trial.

71. Defendant's accusations were defamation per se.

**WHEREFORE,** the Plaintiff, Jonathan Edison, demands judgment against the Defendants for:

a) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff as a result of the Defendants' misconduct;

b) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Declare that the Defendants' acts, taken in their official capacities, as alleged above, violate the First Amendment to the United States Constitution;

f) Declare that the Defendants' acts, taken in their individual capacities, as alleged above, violate the First Amendment to the United States Constitution;

g) Order the Defendants to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein;

h) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988; and

i) Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

Respectfully submitted,

RANDOLPH LAW GROUP, P.C.

/s/ Thomas H. Randolph, III
THOMAS H. RANDOLPH, III (P53563)
Attorney for Plaintiff
6330 East Jefferson Avenue
Detroit, MI 48207
(248) 851-1222; Fax (248) 254-6534
thomas@randolphlawgroup.com

Dated: July 19, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN EDISON,	Case No.

        Plaintiff,	Hon.

v.

NOTHVILLE TOWNSHIP, a municipal corporation,
POLICE OFFICER BEN SELLENRAAD, in his professional
and individual capacities, FADIE KADAF, and
JEAHAD KADAF,

        Defendants.
_____/
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiff
6330 East Jefferson Avenue
Detroit, MI 48207
(248) 851-1222; Fax (248) 254-6534
thomas@randolphlawgroup.com
_____/

**PLAINITFF'S DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, JONATHAN EDISON by and through his attorney, RANDOLPH LAW GROUP, P.C., by THOMAS H. RANDOLPH, III, and hereby demands trial by jury in the above entitled cause of action.

        Respectfully submitted,

        RANDOLPH LAW GROUP, P.C.

        /s/ Thomas H. Randolph, III
        THOMAS H. RANDOLPH, III (P53563)
        Attorney for Plaintiff
        6330 East Jefferson
        Detroit, MI 48207
        (248) 851-1222; (248) 254-6534 Fax

Dated: July 19, 2023        thomas@randolphlawgroup.com