UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN EDISON,

                                   Case No. 23-cv-11741

        Plaintiff,               Honorable Judith E. Levy

v.

NORTHVILLE TOWNSHIP, a municipal corporation,
POLICE OFFICER BEN SELLENRAAD, in his
professional and individual capacities, FADIE JAMIL KADAF,
and JEAHAD KADAF,

        Defendants.

| THOMAS H. RANDOLPH III (P53563) | JAMES R. ACHO (P62175) |
|---|---|
| Randolph Law Group, PC | MATTHEW C. WAYNE (P80542) |
| Attorney for Plaintiff | Cummings McClorey Davis & Acho |
| 6330 East Jefferson Avenue | Attorneys for Defendants Northville |
| Detroit, MI  48207 | and Sellenraad, only |
| (248) 851-1222/(248) 254-6534 fax | 17436 College Parkway, 3rd Floor |
| thomas@randolphlawgroup.com | Livonia, MI 48152 |
| | (734) 261-2400/(734) 261-4510 fax |
| | jacho@cmda-law.com |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW COME Defendants, NORTHVILLE TOWNSHIP and POLICE OFFICER BEN SELLENRAAD, by and through counsel, and for their Answer to Plaintiff's Complaint for Damages, state as follows:

## INTRODUCTION

1.    This is a free-speech case on behalf of Plaintiff Jonathan Edison who is a Black resident of Northville Township for 13 years, which based upon the 2020

United State Census, has a Black population of 1.5%.  On or about October 21, 2022, Edison was charged with violation Michigan Compiled Laws 750.390, Malicious Annoyance by Writing, for writing letters to his next-door neighbor, Defendant Fadie Jamil Kadaf, listed in police documents as White, that contain profanity and other non-obscene words.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

2.     Defendant Northville Township's prosecution of Edison was prompted, in part, by persistent complaints by Defendant Fadi Jamil Kadaf, who made various untrue statements in furtherance of a quest to target Mr. Edison.  Mr. Kadaf also initiated spurious complaints against Edison with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives and the Michigan Department of Natural Resources for completely legal behavior in a campaign of harassment and intimidation.  Those bogus complaints were briefly investigated but abandoned when apparently found to be unmeritorious.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

3.     Before Edison was wrongfully prosecuted, Defendant Sellenraad informed Defendant Fadie Jamil Kadaf emphatically, more than a dozen times, that Edison, by writing letters to Kadaf about how cars are parked, had broken no laws and was within his rights to do so.  Two of these exchanges between Kadaf and Sellenraad were captured on video and provided to Plaintiff.  In spite of Sellenraad's articulated knowledge that Edison had broken no laws, Sellenraad signed the Complaint initiating the Malicious Annoyance by Writing charge against Edison. **Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

4.     On May 23, 2023 Judge Gerou of Michigan's 35th District Court dismissed the charge against Edison, finding that Edison's language was not obscene.  Unfortunately for Mr. Edison, this dismissal came after the unconstitutional actions against caused significant and lasting damage.  Mr. Edison has pecuniary expenses and losses.   Mr. Edison suffered embarrassment, humiliation, emotional distress and other harms and losses having been made a criminal defendant and faced with jail, including his reputation.  Mr. Edison is an author of children's books and other publications with hundreds of thousands of books sold, a speaker to educators and administrations throughout the United States. A conviction of the crime for which he was charged would have destroyed his

business, reputation, and income.   The stress associated with the wrongful prosecution is tremendous and sustained.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

## JURISDICTION AND VENUE

5.     This civil-rights action raises federal questions under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Plaintiff also brings state claims for violation of Article I, Section 5 of the Michigan Constitution and other state law claims.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

6.     This Court has jurisdiction pursuant to 28 U.S. C. §§ 1331, 1343 and 1367.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

7.     This Court has authority to award the requested damages under 28 U.S.C. § 1343(a)(3) and costs and attorneys' fees under 42 U.S.C. § 1988.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events underlying the claims in this Complaint occurred within the Eastern District of Michigan and all Defendants reside in this District.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

9.     Plaintiff demand a jury trial on the claims raised in this Complaint.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

## PARTIES

10.     Plaintiff Jonathan Edison is a resident of Wayne County, Michigan.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

11.     Defendant Fadie Jamil Kadaf is a resident of Wayne County, Michigan.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

12.     Defendant Jeahad Kadaf, upon information and belief, is a resident of Dearborn, Michigan.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

13.     Upon information and belief, Defendant Ben Sellenraad is a resident of Wayne County, Michigan and employed as a police officer by the Northville Township Police Department in Michigan.  At all times relevant hereto, Defendant Sellenraad acted under color of state law.  He is sued in his official and individual capacities.

**Admitted.**

14.     Northville Township is a municipality in Michigan.

**Admitted**

## **COMMON ALLEGATIONS**

15.     This case arises out of a neighborhood dispute in the Steeple Chase subdivision.  Jonathan Edison's next-door neighbor, Kadie Jamil Kadaf, or a member

of guest of his household, apparently parked a vehicle or vehicles on the street in front of Edison's home.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

16.     Edison wrote a note to Kadaf asking him to "please park your cars in front of your house."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

17.     Kadaf responded with his own note, indicating that he may park in front of Edison's home and to not ask for the cars to be moved.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

18.     Edison then typed a letter to Kadaf, this time more pointed and direct, about on-street parking in front of the Edison home and asking that he not park there and utilizing common profanity words for emphasis without making any threats to person or property.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

19.     On Friday, September 23, 2022, Kadaf took the typed letter into the Northville Township police department and spoke with Defendant Officer Ben Sellenraad, who was equipped with an activated operable body-worn camera.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

20.     During this encounter, Kadaf described his previous interactions with Edison as "fairly cordial…most of the time, never had any real issues."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

21.     Kadaf tells Defendant Sellenraad that he feels threatened, although the letter contains no threats.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

22.     Kadaf complaints that Edison is a gun owner – although there is no reported verbal or written threats, brandishing or menacing conduct with a weapon. **Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

23.     Kadaf complaints of a "racial undertone" in the letter although face is not mentioned, nor do the letters contain any racial slurs or epithets. **Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

24.     Sellenraad, after reading the first two letters, tells Kadaf: "There's no threats to harm your property.  There's nothing that would escalate to a criminal nature.  Expletives and those kind of things are not enforceable from a legal standpoint or anything else." **Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

25.     Sellenraad, again, goes to the text of the letters, and reiterates:  "there's nothing in there that constitutes any threat.  He's basically saying - - you can interpret

that however you want, but there's nothing in there that actually says, you will be damaged or you will be harmed."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

26.     Sellenraad goes on to say "from a prosecutable standpoint, there's nothing."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

27.     Sellenraad <u>does not</u> indicate that he finds the letter obscene or containing words banned by the government, and then says "So as I say, from an authority standpoint, there's nothing from a police in the purest sense of the word, a police law enforcement standpoint that there is to do."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

28.     Edison later receives notification that a letter has been directed to him by Defendant Fadie Kadaf's brother, Defendant Jeahad Dadaf.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

29.    Edison responded by issuing a third letter to Kadaf, containing first-amendment protected profanity, asking to be left alone and to not be contacted again.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

30.    On October 12, 2022 Fadie Kadaf returns to the Northville Township police lobby and spoke to Sellenraad, recorded by a body-worn camera complaining of the third letter.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

31.    Kadaf threatens to handle the situation in his own way and to contact the Northville City Attorney and Wayne County Prosecutor for what he described as "threatening letters," although the letters contain no threats of physical harm or property damage.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

32.     Defendant Sellenraad explained the legal restraint on the government preventing it from targeting a person for expressing ideas.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

33.     Defendant Sellenraad tells Kadaf "We can't do anything that we don't have the authority to do."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

34.     Defendant Sellenraad tells Kadaf "I cannot charge someone for noncriminal behavior."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

35.     Defendant Sellenraad tells Kadaf "But if we're not talking about a situation where there's a violation of law.  Then I can't charge someone.  I can't submit something that's not crimination in its nature to a prosecutor to review."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

36.     Defendant Sellenraad tells Kadaf "The cursing, he's allowed to use."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

37.     Defendant Sellenraad tells Kadaf "Using certain terms or those kind of things in and of itself is not criminal."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

38.     Defendant Sellenraad tells Kadaf "And a letter, cursing or otherwise, all caps are otherwise, there are things that we use to communicate tone and that kind of stuff, but does not make it criminal."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

39.     Defendant Sellenraad tells Kadaf "I have told you there is nothing that constitutes a criminal threat."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

40.     Defendant Sellenraad tells Kadaf "I…he has not broken the law.  He's cursed and he's asked you to leave him alone."

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

41.     In spite of these repeated and very strenuous admonitions by Northville Township Police Officer Sellenraad to a determined Kadaf, Sellenraad was enlisted to sign a criminal Complaint charging Edison with violation of a 1931 statute Michigan statute MCL 750.390.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

{01867314-1 }

42.     At an evidentiary hearing on February 27, 2023 demanded by Edison, the prosecuting agreed to reveal exactly what words allegedly written by Edison are obscene.     Northville Township municipal prosecutor Gregory Demopoulos identified the following words, and only the following words, as obscene pursuant to MCL 750.390:

> Fuck
> Fucking
> Motherfucker
> Pussy
> Douche
> Asshole

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

43.     The prosecution also admitted that the portion of MCL 750.390 pertaining to "intent to extort or gain any money or property of any description belonging to another" is inapplicable to Mr. Edison.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

44.     Upon motion from Edison, the court determined that none of the letters from Edison to the Kadaf do not meet the definition of obscene language that is the contested element of the statute Defendant has been charged under.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

### COUNT I – VIOLATION OF FIRST AMENDMENT, AS APPLIED TO THE STATES UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983 (AGAINST DEFENDANTS NORTHVILLE TOWNSHIP AND BEN SELLENRAAD)

45.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

**This paragraph does not require a response from Defendants Northville Township and/or Sellenraad.**

46.     Defendants Northville Township and Sellenraad deprived Plaintiff of the rights secured to him by the United States Constitution.

**Defendants deny this allegation for the reason as the same is untrue.**

47.     In depriving Plaintiff of these rights, Defendant acted under color of state law.  This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

**Defendants deny this allegation for the reason as the same is untrue.**

## COUNT II – VIOLATION OF ARTICLE I, SECTION 5 OF THE MICHIGAN CONSTITUTION
## (AGAINST DEFENDANTS NORTHVILLE TOWNSHIP AND BEN SELLENRAAD)

48.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

**This paragraph does not require a response from Defendants Northville Township and/or Sellenraad.**

49.    Defendants deprived Plaintiff of the rights secured to him by the Michigan Constitution.

**Defendants deny this allegation for the reason as the same is untrue.**

50.    Defendants' above-described conduct violated Plaintiff's right to freedom of speech under Article I, Section 5 of the Michigan Constitution.

**Defendants deny this allegation for the reason as the same is untrue.**

## COUNT III – MALICIOUS PROSECUTION (AGAINST BEN SELLENRAD)

51.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

52.    Defendant instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice.

**Defendants deny this allegation for the reason as the same is untrue.**

53.     On information and belief, Defendant instituted the investigation for personal reasons, which include, but are not limited to, the following: vexation; to cause damage to Plaintiff's professional reputation, and to cause damage to Plaintiff's community reputation.

**Defendants deny this allegation for the reason as the same is untrue.**

54.     MCL 600.2907 provides for civil liability for ever person who, for vexation or trouble or with malice, causes another to be arrested, attached, or in any way proceeding against by any process of civil or crimination action without that person's consent.

**Defendants deny this allegation for the reason as the same is untrue.**

55.     The criminal proceedings initiated against Plaintiff arising from Defendant Northville Townships prosecution of Plaintiff was resolved in Plaintiff's favor.

**Defendants neither admit nor deny the allegations therein as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

56.     As a direct result of Defendant's malice in making allegations that initiated the criminal investigation, Plaintiff has suffered damage, including, but not

limited to, harm to his professional reputation and his reputation in the community, and mental anguish.

**Defendants deny this allegation for the reason as the same is untrue.**

57.     PLAINTIFF REQUESTS that this court enter judgment against Defendants for damages consistent with the injuries suffered, costs, and attorney fees as the court deems proper.

**Defendants deny this allegation for the reason as the same is untrue.**

<u>**COUNT IV – CIVIL CONSPIRACY**</u>
<u>**(AGAINST FADIE JAMIL KADAF AND JEAHAD KADAF)**</u>

58.     Plaintiff incorporates by reference previous paragraphs.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

59.     Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of intimidating, silencing and inflicting emotional distress upon Edison.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

60.     Defendants, in combination, maliciously conspired to have unfounded criminal charges filed against Edison.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

61.    This conspiracy resulted in the illegal, unlawful, or tortious activity of having Plaintiff charged with a criminal offense, having unwarranted investigations by the Michigan Department of Natural Resources and the BATFE.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

62.    As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff sustained damages.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

## COUNT V – DEFAMATION (AGAINST FADIE JAMIL KADAF)

63.    Plaintiff incorporates by reference previous paragraphs.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

64.    The accusations that plaintiff threatened Fadie Jamil Kadaf are false.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

65.    The accusations that Plaintiff is mentally unstable are false.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

66.    The accusation that Edison is racist is untrue.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

67.     The accusation that the facts stated in Edison's letters to Kadaf are false is untrue.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

68.     Defendant published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

69.     The publication was not privileged.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

70.     The publication of these remarks has resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to, the following:  emotional distress; humiliation, mortification, and embarrassment; sleeplessness and anxiety, and; other damages that may arise during the course of discovery and the course of this trial.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

71.    Defendant's accusations were defamation per se.

**This paragraph does not call for a response from Defendants Northville Township and/or Sellenraad.**

WHEREFORE, Defendants Northville Township and Police Officer Ben Sellenraad pray this Honorable Court DISMISS Plaintiff's Complaint for Damages, and aware them costs and fees for having to defend this matter and any other relief the Court deems just.

Respectfully submitted,

s/ James R. Acho
JAMES R. ACHO (P62175)
MATTHEW C. WAYNE (P80542)
Cummings, McClorey, Davis & Acho, P.L.C.
**Attorneys for Defendants Northville & Sallenraad**
17436 College Parkway
Livonia, MI 48152
Phone:  (734) 261-2400
jacho@cmda-law.com
Date:  August 22, 2023        P62175

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  **N/A**

s/ James R. Acho

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN EDISON,

                Plaintiff,

v.

NORTHVILLE TOWNSHIP, a municipal corporation,
POLICE OFFICER BEN SELLENRAAD, in his
professional and individual capacities, FADIE JAMIL KADAF,
and JEAHAD KADAF,

                Defendants.

Case No. 23-cv-11741
Honorable Judith E. Levy

| THOMAS H. RANDOLPH III (P53563) | JAMES R. ACHO (P62175) |
|---|---|
| Randolph Law Group, PC | MATTHEW C. WAYNE (P80542) |
| Attorney for Plaintiff | Cummings McClorey Davis & Acho |
| 6330 East Jefferson Avenue | Attorneys for Defendants Northville |
| Detroit, MI  48207 | and Sellenraad, only |
| (248) 851-1222/(248) 254-6534 fax | 17436 College Parkway, 3rd Floor |
| thomas@randolphlawgroup.com | Livonia, MI 48152 |
| | (734) 261-2400/(734) 261-4510 fax |
| | jacho@cmda-law.com |

## **AFFIRMATIVE DEFENSES**

     NOW COME Defendants, NORTHVILLE TOWNSHIP and POLICE OFFICER BEN SELLENRAAD, by and through counsel, and for their Affirmative Defenses, state as follows:

     1     Some or all of the claims made by the Plaintiff herein are or may be barred by the applicable statute of limitations.

2      At all times relevant hereto the Defendants Northville Township and Sellenraad acted in good faith, with probable cause, without malice, while performing discretionary activities.

3      The Plaintiff's claims are barred by the doctrine of privilege as provided to police officers under the laws of the State of Michigan and the Constitution of the United States.

4      That the injuries or damages complained of by the Plaintiff were solely or partly the proximate result of Plaintiff's own wrongful and unlawful conduct, negligence or comparative negligence.

5      Plaintiff's State Court claims are barred by the defense of governmental immunity (691.1407(2)).

6      Plaintiff Edison's Complaint fails to state any cognizable claim or cause of action upon which relief can be granted against these Defendants.

7      Defendant Sellenraad did not violate any federal right of Plaintiff Edison, so the individual Defendant Sellenraad has qualified immunity against any Section 1983 claim.

8      To the extent that Plaintiff Edison's Complaint asserts a state-law claim, Defendants Northville Township and Sellenraad are protected from liability by governmental immunity as recognized by Michigan law.

9    Plaintiff Edison's claims against Defendants Northville Township and Sellenraad are barred by the doctrine of privilege that applies to the actions of police officers under the laws of the State of Michigan and the Constitution of the United States.

10    Plaintiff Edison has not suffered any damage or injury proximately caused by Defendants Northville Township and Sellenraad.

11    The injuries and/or damages alleged by Plaintiff Edison were caused solely, or in part, by acts and/or omissions by Plaintiff Edison himself, not the conduct of Defendants Northville Township and Sellenraad, such that any recovery would be reduced by his comparative fault.

12    That the Plaintiff's claims may be barred by the Younger doctrine, 401 U.S. 37 (1971).

13    That the Plaintiff's claims may be barred by the doctrines outlined in **Heck v. Humphrey** and/or the Rooker-Feldman doctrine.

14    Plaintiff Edison has failed to identify any policy, practice or custom having any causal relationship to any alleged violation of his rights, and Edison thus faults to plead any cognizable or valid claim against Defendants Northville Township and Sellenraad.

15    Plaintiff's state-law claims may be barred by *res judicata*.

16     Defendants Northville Township and Sellenraad reserve the right to amend and/or supplement these affirmative defenses as the factual bases for doing so are revealed through discovery or otherwise.

                Respectfully submitted,

                s/ James R. Acho
                JAMES R. ACHO (P62175)
                MATTHEW C. WAYNE (P80542)
                Cummings, McClorey, Davis & Acho, P.L.C.
                **Attorneys for Defendants Northville & Sallenraad**
                17436 College Parkway
                Livonia, MI 48152
                Phone:  (734) 261-2400
                jacho@cmda-law.com
Date:  August 22, 2023      P62175

## CERTIFICATE OF SERVICE

     I hereby certify that on August 22, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  **N/A**

                s/ James R. Acho